IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARJORIE MORGAN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-cv-0291-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      A.    **Introduction and Procedural Background**

On April 23, 2010, Marjorie Morgan filed a personal injury lawsuit against the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq*. Morgan alleges that, on May 31, 2007, she went to the Highland Post Office on postal business. She submits that, as she was leaving the premises, she stepped in a crack in the landing, or on a small rock in the crack, and fell down the set of six concrete steps which lead to the main entrance of the post office. In her deposition, Morgan stated that, at the time she fell, she was crossing the crack, which is approximately two feet in length and which runs fairly perpendicular to the building, to reach the handrail. She also stated that she was not looking down but was able to feel the crack with her foot when she started to fall. Morgan alleges that as a result of the fall she sustained severe and permanent injuries to her head, face, ears, neck, back, shoulders, arms, hands, legs, feet and body as a whole. She was required to undergo surgery to her right arm, which consisted of plating and pinning from the elbow to the hand. Morgan seeks $400,000.00 in damages for past and future loss of money which

would have otherwise accrued to her, pain and suffering, past and future medical bills, disability, disfigurement and the loss of a normal life.

The case is set for final pretrial conference June 11, 2010, and bench trial June 21, 2010 (Docs. 5, 12). A settlement conference was waived by the parties (Doc. 9). The case comes now before the undersigned District Judge on the Government's fully-briefed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Docs. 10, 11). Analysis begins with the standard governing such motions.

### B. Applicable Legal Standards

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. ***Durable Mfg. Co. v. U.S. Department of Labor***, **578 F.3d 497, 501 (7th Cir. 2009) (citing FED. R. CIV. P. 56(c)).** *Accord **Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008)**; ***Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).** "The initial burden is on the moving party ... to demonstrate that there is no material question of fact with respect to an essential element of the non-moving party's case." ***Delta Consulting Group, Inc. v. R. Randle Const., Inc*. 554 F.3d 1133, 1137 (7th Cir. 2009) (quoting *Cody v. Harris,* 409 F.3d 853, 860 (7th Cir. 2005))**.

The nonmovant cannot defeat the opponent's summary judgment motion by resting on the pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in her favor. ***See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008);** ***Delta Consulting,* 554 F.3d at 1137 (citing *Springer v. Durflinger,* 518 F.3d 479, 483-84 (7th Cir. 2008) ("existence**

**of merely a scintilla of evidence in support of the non-moving party's position is insufficient")).**

In ruling on a summary judgment motion, this Court must view the evidence plus all inferences reasonably drawn from the evidence in the light most favorable to the nonmovant. ***TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007);** ***Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).**

### C.     Analysis

Actions brought under the FTCA are governed by the substantive law of the state where the alleged act or omission took place. **28 U.S.C. § 1346(b)**. In this case, Illinois law applies since the alleged negligent act or omission of the United States occurred in Illinois. The United States is a public entity and, consequently, falls under the protection of the Illinois Local Government Tort Immunity Act. ***Cooks v. United States,* 815 F.2d 34, 35 (7th Cir. 1987)**.

"The essential elements of common law negligence in Illinois are: (1) the existence of a duty running from the defendant to the plaintiff; (2) a breach of that duty; (3) an injury proximately caused by the breach of duty." ***Herrera v. Target Corp*., 2009 WL 3188054, *3 (N.D.Ill. 2009) (citing *Pavlik v. Wal-Mart Stores, Inc.,* 753 N.E.2d 1007, 1010 (2001) (internal quotes omitted).** "The factors for a court to consider in examining the existence of a duty include: the reasonable forseeability of injury; the likelihood of injury; the magnitude of the burden to guard against it; and the consequences of placing blame on the defendant." ***Id*. (citing *Grillo v. Yeager Constr.,* 900 N.E.2d 1249, 1267 (Ill.App.Ct. 2008))**.

"In determining forseeability Illinois courts are informed by the § 343 of the

Restatement (Second) of Torts." *Id.* **at \*4 (citing** *LaFever v. Kemlite Co.,* **185 Ill.2d 380, 235 Ill.Dec. 886, 706 N.E.2d 441, 447 (Ill.1998)**. Section 343 provides:

> A possessor of land is subject to liability for the physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. **Restatement (Second) of Torts § 343**.

Under Illinois law, a possessor of land is not ordinarily required to foresee and protect against dangers that are open and obvious. *Masterson v. Target Corp.***, 2007 WL 2298411, \*2 (N.D.Ill. 2007) (citing** *Bucheleres v. Chicago Park Dist.,* **665 N.E.2d 826, 832 (Ill. 1996);** *Jakubiec v. Cities Service Co.,* **844 F.2d 470, 472 (7th Cir. 1988) (applying Illinois law))**. "A danger is considered open and obvious if 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Id.* **(citing** *Prostran v. City of Chicago,* **811 N.E.2d 364, 371 (1st Dist. 2004) (citing** *Sollami v. Eaton,* **772 N.E.2d 215, 224 (Ill. 2002))**. Illinois courts recognize two exceptions to the open and obvious doctrine: the distraction exception and the deliberate encounter exception *Id***. (citing** *Prostran,* **811 N.E.2d at 371**. The deliberate encounter exception, at issue herein, imposes a duty when a possessor of land "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id***. (quoting Restatement (Second) of Torts § 343 A, Comment f, at 220))**.

The United States contends that there is no evidence that it breached any duty owed

to Morgan. It argues that there is no evidence that it knew or by the exercise of reasonable care should have known that the condition of the landing at the post office posed an unreasonable risk of harm. The United States contends that, because the crack was narrow and the concrete on both sides even, there was no reason to believe the crack posed a tripping hazard. It also asserts that the likelihood of injury was extremely small relative to the significant burden of maintaining all concrete at its post offices in perfect, crack-free condition. Lastly, the United States argues that to the extent that the crack posed any danger, the danger was open and obvious and, therefore, not actionable.

Morgan responds that the crack was jagged, contained chipped rock fragments and was large enough to throw her off balance. Moreover, she contends that she had to cross the crack to get to the handrail and could not simply walk parallel to it. At her deposition, Morgan testified as follows:

Q.  How can you be sure that it's the crack in concrete that cause you to fall?

A.  I just felt like a little rock, and all of a sudden, I'm falling. I didn't stumble and fall step by step. I just fell over the crack in the wall.

\*   \*   \*

Q.  All you know is you felt a rock under your foot, correct?

A.  I was looking towards the railing. I -- I don't know if the rock was in the -- I stepped on the crack, but I don't know.

Q.  Okay. Well, ma'am, if you're looking towards the railing and all you know is you felt a rock under your foot, how do you know it's the crack that caused you to fall?

A.  Because that's what I stepped on when I came out the door. Doc. 10-1, Morgan Deposition 29:21-25; 31:9-19.

Morgan has submitted evidence sufficient for a jury to conclude that the United States negligently failed to maintain the landing in a safe condition and is thus liable for her injuries. The United States has a duty of ordinary care to maintain the property in a condition that is reasonably safe

for its invitees. A jury could reasonably determine that the United States should have been aware of the unreasonable risk of harm to invitees attendant on having broken concrete directly in front of its main doors, which must be crossed by an invitee to reach the handrail, and which lies at the top of a flight of concrete steps.

These same facts also support a finding that the deliberate encounter exception applies. The location of the crack and the necessity of crossing it to reach the handrail impose a duty on the United States. Stated simply, the United States had reason to expect that invitees such as Morgan would encounter the known or obvious danger because to a reasonable person in her position the advantage of reaching the handrail to descend the steps safely would outweigh the apparent risk of stepping on the crack.

The United States' reliance on *Cooks* is misplaced. In *Cooks*, the Court of Appeals reversed the district court's entry of judgment in favor of the plaintiff where plaintiff had tripped at a junction of two slabs of concrete with only one-half inch of elevation between the two slabs. ***Cooks*, 815 F.2d at 35**. As Morgan's photographs show, the crack in front of the post office was irregular and, consequently, unlike a straight, even junction of two concrete slabs. *See* Doc. 10-2, Exhibit A. Also, in the *Cooks* case, the United States submitted deposition testimony that a measurement of the elevation in the sidewalk shortly after the fall showed only one-half inch difference in elevation. **815 F.2d at 37.** Here, the United States has submitted neither deposition testimony nor an affidavit showing that the elevation of the concrete on either side of the crack was within that tolerance. Furthermore, close inspection of the photographs submitted, particularly photograph 5, leaves the Court in doubt as to the elevation and separation of the crack.

Several points raised by the United States remain to be addressed. First, since there

is no evidence as to when the crack first appeared, it is irrelevant how many times Morgan went to the post office without incident, how recently she went to the post office or whether others had fallen there. Evidence as to when the landing was last inspected and its condition at that time could have been relevant to the issue of duty, but no evidence was offered on this question. Second, any alleged contradictions in Morgan's testimony regarding where the rock was or if there even was a rock go to the weight of the evidence and may be a matter for impeachment at trial, but are not a basis for the Court's granting summary judgment, where the Court must believe the evidence of the nonmovant and draw all justifiable inferences in the nonmovant's favor. **Lewis v. City of Chicago, 496 F.3d 645, 651 (7th Cir. 2007) (citing  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ( "The district court should not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue for trial.")**. Third, neither the lack of other witnesses to Morgan's fall nor the alleged contradictions in her testimony negate her testimony that the proximate cause of her injury was the crack in the landing.

### D. Conclusion

For the foregoing reasons, the Court **DENIES** the United States' motion for summary judgment (Doc. 10).

**IT IS SO ORDERED.**

**DATED this 7th day of May, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**